IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| L6, INC., d/b/a TOTAL VALVE SYSTEMS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 19-2403-JAR |
| WOODROW, LLC and ROBERT MICHAEL WALKER, | ) |
| Defendants. | ) |

## ORDER TO SHOW CAUSE

Plaintiff filed this business interference action against defendants Woodrow, LLC and Robert Michael Walker.[1] The complaint alleges this court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse.[2] However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists. To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where it is incorporated and the state where its principal place of business is located.[3] And if the business is an unincorporated association (such as a limited liability company, general partnership, or limited partnership), its citizenship is

---

[1] ECF No. 1.

[2] *Id.*

[3] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

determined by the citizenship of each one of its members.[4] The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper.[5] It "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[6]

Here, plaintiff is an Oklahoma corporation with its principal place of business in Oklahoma.[7] The complaint indicates that defendant Woodrow, LLC is a Nebraska limited liability company but is silent as to the identity and citizenship of its individual members.[8] Similarly, the complaint is silent as to the citizenship of defendant Robert Michael Walker. Thus, the allegations fail to establish citizenship for diversity jurisdiction purposes.

IT IS THEREFORE ORDERED that by **August 1, 2019,** the parties shall file a joint status report, with affidavits attached, demonstrating the citizenship of each defendant and showing cause why this case should not be dismissed for lack of jurisdiction.

Dated July 18, 2019, at Kansas City, Kansas.

       s/ James P. O'Hara
       James P. O'Hara
       U.S. Magistrate Judge

---

[4] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

[5] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[6] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

[7] ECF No. 1.

[8] *Id.*